UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division


GLOBAL TOUCH SOLUTIONS, LLC,

           Plaintiff,

v.                                              Civil No. 2:14cv346

TOSHIBA CORPORATION and
TOSHIBA AMERICA INFORMATION
SYSTEMS, INC.,

           Defendants.
----------------------------------------------------------------

GLOBAL TOUCH SOLUTIONS, LLC,

           Plaintiff,

v.                                              Civil No. 2:14cv347

VIZIO, INC.,

           Defendant.
----------------------------------------------------------------

GLOBAL TOUCH SOLUTIONS, LLC,

           Plaintiff,

v.                                              Civil No. 2:14cv390

APPLE, INC.,

           Defendant.
----------------------------------------------------------------

GLOBAL TOUCH SOLUTIONS, LLC,

           Plaintiff,

v.                                              Civil No. 2:14cv391

MOTOROLA MOBILITY LCC,

           Defendant.

---------------------------------------------------------------
GLOBAL TOUCH SOLUTIONS, LLC,

        Plaintiff,

v.                             Civil No. 2:15cv17
                                (formerly 3:14cv548)

MICROSOFT CORPORATION and
NOKIA INC.,

        Defendants.
---------------------------------------------------------------

## MEMORANDUM ORDER

These five patent infringement cases, all filed by the same plaintiff against different defendants, were initially assigned to four different judges within this district. However, as such cases all involve similar allegations and common patents, the four cases assigned to other judges of this Court were reassigned to the undersigned judge (to whom the first case was assigned) for the purposes of economy, consistency, and fairness. Now pending before the Court are motions in each case seeking transfer to the Northern District of California. For the reasons set forth below, the Court takes such motions under advisement and **ORDERS** additional briefing on these pending motions.

### A. Background

In short, plaintiff Global Touch Solutions, LLC ("Plaintiff" or "GTS") filed a separate complaint in each of the above referenced actions against: (1) Toshiba Corporation ("Toshiba") and its subsidiary Toshiba American Information Systems, Inc. ("TAIS"); (2)

2

Vizio, Inc. ("Vizio"); (3) Apple, Inc. ("Apple"); (4) Motorola Mobility LLC ("Motorola"); and (5) Microsoft Corporation ("Microsoft") and its subsidiary Nokia Inc. ("Nokia"). Although the number and identity of the patents asserted in the different actions vary, four of the five cases have at least five patents in common.[1] As indicated above, the defendant(s) in each case has filed a motion seeking transfer of venue to the Northern District of California.[2] Additionally, in the first-filed Toshiba action, the defendants from the other four actions sought leave to file an amicus curiae brief arguing that all five actions should be transferred to the Northern District of California. Plaintiff GTS opposes transfer in each of the five cases, arguing in two cases that the case could not have been filed in the proposed transferee district, and arguing in all cases that the defendant(s) fails to demonstrate that the relevant convenience and justice factors warrant transfer.

### B. Discussion

Title 28 of the United States Code, Section 1404, establishes that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any

---

[1] Only three patents are asserted in the Toshiba action, and two of these three patents are also asserted in the other four cases.

[2] The face of Vizio's transfer motion seeks transfer to the Central District of California. However, through its attempt to file an amicus brief in the earlier-filed Toshiba action, and as explained in Vizio's reply brief in support of its transfer motion, 2:14cv347, ECF No. 29, Vizio clarifies that it seeks transfer to the Central District of California only if the five cases are not collectively transferred to the Northern District of California.

other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Although listed as the second clause in § 1404(a), the threshold question when addressing a motion to transfer venue is "whether the proposed transferee court is one in which the action originally may have been brought." BHP Int'l Inv., Inc. v. OnLine Exch., Inc., 105 F. Supp. 2d 493, 498 (E.D. Va. 2000). "In order to demonstrate that an action might have been brought in a proposed transferee district, a movant must establish that both venue and jurisdiction with respect to each defendant is proper in the transferee district." Koh v. Microtek Int'l, Inc., 250 F. Supp. 2d 627, 630 (E.D. Va. 2003) (emphasis added).

To determine whether a patent case could have been brought in another forum, the Court begins with the venue statute that is specifically applicable to patent cases. See 28 U.S.C. § 1400(b). Such statute provides that venue in a patent infringement lawsuit is proper in "the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Id. (emphasis added). As to corporate defendants, the residency clause of § 1400(b) is satisfied if the accused corporation "was subject to personal jurisdiction in the district [in question] at the time the action was commenced." VE Holding Corp. v. Johnson Gas Appliance Co., 917

4

F.2d 1574, 1584 (Fed. Cir. 1990) (citing 28 U.S.C. § 1391(c) & 1400(b)). Accordingly, if a court has personal jurisdiction over an alleged infringer corporation, both jurisdiction and venue are proper in that Court. See LG Electronics Inc. v. Advance Creative Computer Corp., 131 F. Supp. 2d 804, 810 (E.D. Va. 2001) (indicating in a patent case that "[i]n essence . . . the tests for venue and personal jurisdiction are interchangeable for corporations").

Here, all defendants in the five related cases seek transfer to California, and "California's long-arm statute allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution." Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003) (citing Cal. Code Civ. Pro. § 410.10). Therefore, to determine whether the pending cases could have been filed in the Northern District of California, it appears that this Court "need only determine whether [that Court's exercise of] personal jurisdiction . . . would meet the requirements of due process." Id. (additional citations omitted).

1. Apple Action, Microsoft Action, & Motorola/Nokia Action

The parties' briefing demonstrates that there is no dispute that the Apple, Microsoft, and Motorola/Nokia cases could have been filed in the Northern District of California at the time this action was commenced. As the basis for jurisdiction/venue in the Northern

District of California is unchallenged in these three actions, no further analysis on this issue is necessary.

### 2. Vizio Action

It is undisputed that Vizio is headquartered in the <u>Central</u> District of California and could have been sued there. However, GTS asserts that Vizio both failed to formally move for transfer to the Northern District of California and failed to demonstrate that it was subject to suit in that district. This Court agrees with GTS that Vizio's position on transfer is somewhat unclear when Vizio's motion to transfer is considered in isolation. However, in light of the related nature of these five cases and Vizio's amicus argument in the earlier-filed Toshiba action, the Court will permit limited additional briefing on this issue in order to afford both Vizio and GTS the opportunity to present the facts and law necessary for this Court to render a decision. Vizio is therefore afforded the opportunity to clarify through supplemental briefing, to include any necessary supporting exhibits, the facts and law relevant to its informal request for transfer to the <u>Northern</u> District of California. GTS will then be afforded the opportunity to respond to Vizio's supplemental filing.

### 3. Toshiba Action

Similar to the somewhat ambiguous nature of Vizio's transfer request, there appears to be some ambiguity as to the parties'

positions as to whether, and on what alleged basis, the Toshiba action could have been filed in the Northern District of California. Toshiba and TAIS advanced a joint, and somewhat conclusory, affidavit that purportedly supports personal jurisdiction and venue in that court.[3] Although GTS plainly disputes whether Toshiba, a Japanese corporation, could have been sued in the Northern District of California, it is unclear whether GTS truly disputes whether TAIS could have been sued in that court. Notably, while GTS does assert that TAIS's briefing fails to adequately analyze TAIS's contacts with the Northern District of California, GTS then acknowledges that TAIS's affidavit does establish that allegedly infringing sales occurred in that district, and GTS appears to acknowledge that it is relying on the same type of allegedly infringing sales activity in this district to support filing the instant suit against TAIS here.[4] In light of the lack of clarity in Toshiba's and TAIS's joint affidavit (which is arguably similar to the lack of clarity in GTS's complaint as to the asserted basis for this Court's jurisdiction),

---

[3] The affidavit states that "TAIS is subject to personal jurisdiction in the Northern District of California and that Toshiba Corp. would not contest personal jurisdiction there for [the] purposes of this case." 2:14cv346, ECF No. 20 ¶ 5. The affidavit also states that "TAIS sells or has recently sold the Accused Toshiba . . . Products in the United States, including in the Northern District of California." Id. ¶ 3.

[4] Although GTS suggests that TAIS is asking this Court to apply a double-standard, this Court does not interpret TAIS's motion to transfer as challenging whether this case was permissibly filed in this district based on infringing sales activities here. Rather, TAIS asserts that this Court should transfer the case to another permissible, but more convenient, forum due to convenience and justice factors.

  
as well as the lack of clarity as to GTS's position as to defendant TAIS, the Court will permit limited additional briefing on such issues.

Toshiba and TAIS will first be afforded the opportunity to submit a brief explaining each entity's respective position as to whether, and on what basis, such entity is subject to suit in the Northern District of California, to include any necessary supporting exhibits.[5]  GTS will then be afforded the opportunity to respond, and to clearly state its position as to each separate entity.

### C. Conclusion

For the reasons set forth above, the Court takes the pending motions to transfer venue in all five cases under advisement,[6] and **ORDERS** additional briefing in two pending cases as to the threshold question of whether these actions could have been properly filed in the Northern District of California.

---

[5] In their supplemental filings, Toshiba and GTS should address the differences, if any, between the jurisdictional calculus with respect to this Court and the Northern District of California.

[6] This Court reserves ruling in all five cases because, notwithstanding the general prohibition in the "America Invents Act" on consolidating separately filed patent cases for trial, the five pending cases before the Court appear to be subject to consolidation under Rule 42 of the Rules of Civil Procedure for all pretrial matters. 35 U.S.C. § 299 (2011); Fed. R. Civ. P. 42; see DietGoal Innovations LLC v. Wegmans Food Markets, Inc., No. 2:13cv154, 2014 WL 2561222, at *2 (E.D. Va. June 6, 2014) (denying a motion to sever one patent case from several others after the district court had entered a sua sponte order consolidating the cases under Rule 42 for all pretrial matters); Cellport Systems, Inc. v. BMW of North America, L.L.C., No. 14-cv-1631, 2014 WL 6910293, at *1-2 (D. Colo. Dec. 9, 2014) ("Courts have held that § 299 does not prevent the consolidation of cases against accused infringers for pretrial matters.") (emphasis added); In re: Bear Creek Techs, Inc., ('722) Patent Litig., 858 F. Supp. 2d 1375, 1378 (J.P.M.L. 2012) ("We find that the America Invents Act does not alter our authority to order pretrial centralization of this litigation.").

Consistent with the preceding analysis, Vizio (2:14cv347), and Toshiba & TAIS (2:14cv346), are afforded **ten (10) days** from the date of this Memorandum Order to submit a supplemental brief no longer than ten (10) pages, exclusive of exhibits (no page limit is imposed as to evidentiary exhibits) addressing the threshold prong of the transfer of venue test. GTS shall then be afforded **ten (10) days** from the filing of each supplemental brief to file a responsive brief. Each of GTS's responsive briefs shall likewise be limited to ten (10) pages, exclusive of exhibits.

The Clerk is **REQUESTED** to send a copy of this Memorandum Order to all counsel of record in each of the above five referenced cases.

**IT IS SO ORDERED.**

/s/ MSD

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 20 , 2015